UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CARLOS ISAAC,

                           Plaintiff,

                    -v-

THE CITY OF NEW YORK, CORIZON HEALTH
INC., CORIZON HEALTH CLINICAL SOLUTIONS,
LLC, CORIZON INC., CORRECTIONAL MEDICAL
ASSOCIATES OF NEW YORK, P.C., New York City
Police Department Officer JUAN CABRERA
(Shield No. 26123), P.O. JOHN DOEs, and P.O. JOHN
ROEs, in their individual capacities,

                         Defendants.
------------------------------------------------------------------x

**COMPLAINT AND DEMAND FOR A JURY TRIAL**

Index No. 17-CV-1021

Plaintiff Carlos Isaac, by his attorney Gillian Cassell-Stiga of Rankin & Taylor, PLLC, for his complaint, does hereby state and allege:

### PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiff Carlos Isaac's rights were violated when officers of the New York City Police Department ("NYPD") unconstitutionally detained and arrested plaintiff despite the absence of probable cause. By reason of defendants' actions, including the unreasonable and unlawful seizure of his person, plaintiff was deprived of his constitutional rights.

3. Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that plaintiff's claim arose in the Southern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

## PARTIES

7. Plaintiff Carlos Isaac is, and was at all times relevant to this action, a resident of the County of Bronx in the State of New York.

8. Defendant The City of New York ("City") is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department ("NYPD") and correction department ("DOC") which act as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City assumes the risks incidental to the maintenance of a police force and police officers as said risks attach to the public consumers of the services provided by the NYPD.

9. NYPD Officer ("P.O.") Juan Cabrera (Shield No. 26123) ("Cabrera") and P.O. John Does (referred to collectively as the "individual defendants") are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of The City of New York and/or the New York City Police Department, and/or the New York City Department of Correction, municipal agencies of defendant The City of New York. All aforenamed defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and

2

employees of defendant the City of New York, were acting for, and on behalf of, and with the power and authority vested in them by the City of New York, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. The aforenamed defendants are sued in their individual capacities.

10. Defendants Corizon Health Inc., Corizon Health Clinical Solutions, LLC, Corizon Inc., Correctional Medical Associates of New York, P.C., will be collectively known as ("Corizon"). Defendants Corizon are corporations that have contracted with the City of New York to provide health services to pretrial detainees in the custody of the New York City Department of Correction. Corizon engages in business in the State of New York and is subject to personal jurisdiction in this district, and has provided health care services on behalf of the City of New York.

11. Defendants John Roes were at all times relevant herein employees or agents of Corizon, and were acting under color of state law in the course and scope of their duties and functions as agents, servants, and employees of Corizon, and otherwise performed and engaged in conduct incidental to their lawful functions in the course of their duties. They were acting for and on behalf of The City of New York and Corizon, at all times relevant herein, with the power and authority vested in them as agents and employees of The City of New York and Corizon, and incidental to their duties as agents and employees of The City of New York and Corizon. They are sued in their individual and agency capacities.

12. P.O. Juan Cabrera (Shield No. 26123), P.O. John Does, and John Roes are referred to collectively as the "individual defendants."[1]

---

[1] By identifying said defendants as "John Doe" or "Richard Roe," plaintiff is making no representations as to the gender of said defendants.

13. The individual defendants are being sued herein in their individual and official capacities.

14. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, DOC, or Corizon, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD, DOC, or Corizon at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD, DOC, or Corizon and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD, DOC, or Corizon.

15. The individual defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

16. At all relevant times, the individual defendants were engaged in joint ventures, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

17. The true name and shield number of defendant P.O. John Doe is not currently known to the plaintiff. However, they were employees or agents of the NYPD on the date of the incident. Accordingly, they are entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law § 50-k. The Law Department, then, is hereby put on notice (a) that plaintiff intends to name said officers as defendants in an amended pleading once the true name and shield number of said defendants becomes known and (b) that the Law Department should immediately begin preparing their defense in this action.

## STATEMENT OF FACTS

18. On January 22, 2015 at approximately 10:10 p.m., Mr. Isaac was unlawfully arrested by the P.O. Cabrera and P.O. Doe at 148th Street and Brook Avenue in Bronx County in the State of New York.

19. Mr. Isaac had just left home to make a purchase from a convenience store. As he exited the store, Mr. Isaac exchanged words with an individual standing nearby.

20. Immediately after Mr. Isaac crossed the street, the P.O. Cabrera and P.O. Doe approached Mr. Issac and placed him under arrest.

21. Mr. Isaac was taken to the 40th precinct where he was invasively searched.

22. Mr. Isaac was charged with felony sale and possession of a controlled substance, bail was set, and he was transferred to Rikers Island.

23. Shortly after his arrest on January 22, 2015, Mr. Isaac informed City and Corizon employees, including John Does and John Roes, that he needed his prescribed medication and required medical attention, while displaying the physical signs of being in medical distress during the period of his detention.

24. Mr. Isaac did not receive his prescribed medication following his arrest.

25. Defendants violated their duty of care by failing to provide Mr. Isaacs with his prescribed medication.

26. Mr. Isaac was eventually transferred to Bellevue hospital where he was held prior to his return to Rikers Island.

27. Mr. Issac remained in the custody of the DOC until his release on August 22, 2015.

28. All charges against Mr. Isaac were dismissed on October 8, 2015.

29. The charges against Mr. Isaac were based upon the false statements of P.O. Cabrera.

30. P.O. John Doe failed to intervene in the unlawful arrest of Mr. Isaac.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. §1983
### (Against the individual defendants)

31. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

32. By their conduct and actions in falsely arresting plaintiff, falsely imprisoning plaintiff, fabricating evidence, abuse of process, malicious prosecution, failing to provide medical treatment, and by failing to intercede to prevent the complained of conduct, the individual defendants, acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed through 42 U.S.C. § 1983 and the United States Constitution, including its Fourth, Fifth, Sixth, and Fourteenth Amendments.

33. As a result of the foregoing, plaintiff was deprived of liberty, suffered physical injury, conscious pain and suffering, emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM
## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS
### (Against the City of New York and Corizon)

34. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

35. At all times material to this complaint, defendants City and Corizon had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

36. At all times material to this complaint, defendants City and Corizon failed to properly train, screen, supervise, or discipline its employees and police officers, including the individual defendants, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendants.

37. At all times material to this complaint, defendants The City of New York and Corizon, failed to put adequate policies in place concerning the treatment of persons suffering from treatable medical conditions while in custody, and failed to properly train officers and employees concerning such assessment and treatment.

38. At all times material to this complaint, defendants The City of New York and Corizon, failed to provide adequate medical care to detainees.

39. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

40. As a result of the foregoing, plaintiff was deprived of liberty, suffered physical injury, conscious pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

**THIRD CLAIM FOR RELIEF**
**MEDICAL MALPRACTICE**
**UNDER THE LAWS OF THE STATE OF NEW YORK**

41. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

42. Through the acts or omissions described above, the individual defendants deviated from the acceptable standards of medical care during their evaluation and treatment of Carlos Isaac.

43. Defendants jointly and severally caused injury, pain and suffering, and damage to Carlos Isaac. The acts and conduct of defendants were the direct and proximate cause of injury and damage to Carlos Isaac and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

44. As a result of the foregoing, Carlos Isaac suffered conscious pain and suffering, damage, injury, and economic loss.

### FOURTH CLAIM FOR RELIEF
### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK AND CORIZON HEALTH, INC., FOR STATE LAW VIOLATIONS

45. Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

46. The conduct of defendants, alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as police and/or corrections officers, and/or while they were acting as agents and employees of defendants the City of New York and Corizon, and, as a result, defendants the City of New York and Corizon, are liable to Carlos Isaac pursuant to the state common law doctrine of respondeat superior.

47. As a result of the foregoing, Carlos Isaac suffered conscious pain and suffering, damage, injury, and economic loss.

### JURY DEMAND

48. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

b. That he be awarded punitive damages against the individual defendants; and

c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

Dated: February 10, 2017
New York, New York

Respectfully submitted,

By: _____
Gillian Cassell-Stiga
Rankin & Taylor, PLLC
11 Park Place, Suite 914
New York, New York 10007
t: 212-226-4507
e:Gillian@DRMTLaw.com